UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 10-339 (PJS/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| (3) Giesy Sanchez, | |
| Defendant. | |

---

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

Lee R. Wolfgram, Esq., The Wolfgram Law Firm, Ltd., counsel for Defendant Sanchez.

---

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Defendant Giesy Sanchez's Motion to Suppress Evidence Obtained by Seizure. (Doc. No. 112.) This Court held a hearing on the motion on February 25, 2011. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. As explained below, this Court recommends that Defendant Sanchez's motion be denied.

Defendant Sanchez moved to suppress any documents seized from his jail cell. (Doc. No. 112.) There, he stated that "[t]his motion is made on all of the files and records in this case and upon other and further points and authorities as

may be subsequently presented to the Court." (*Id.*)  But he has presented no argument or evidence in support of his request.

"It is well established that the burdens of production and persuasion generally rest upon the movant in a suppression hearing." *U.S. v. Starks*, 193 F.R.D. 624, 629 (D. Minn. 2000) (quoting *U.S. v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977), *cert. denied* 431 U.S. 932, 97 (1977)); *see also U.S. v. Phillips*, 540 F.2d 319, 325 (8th Cir. 1976) (stating that the ultimate burden of proof is on the defendant who seeks to suppress evidence).  "At a minimum, it is defendant's burden to come forth with some evidence and argument to support his position that evidence . . . should be suppressed." *U.S. v. Rosetter*, No. 10cr83, 2010 WL 5184991, at *23 (D. Minn. Oct. 1, 2010) (citing *Starks,* 193 F.R.D. at 629) ("[E]ven in those circumstances where the Government has the ultimate burden of persuasion, Defendant has the initial burden of making a prima facie showing of illegality.").  And "[f]ailure to provide the Court with any support for the motion is a sufficient basis for denial of the motion." *Rosetter*, 2010 WL 5184991, at *23.  Accordingly, this Court recommends that Defendant Sanchez's motion to suppress be denied.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1. Defendant Giesy Sanchez's Motion to Suppress Evidence Obtained by Seizure (Doc. No. 112), be **DENIED**.

Date: March 24, 2011

                                         *s/ Jeffrey J. Keyes*
                                         JEFFREY J. KEYES
                                         United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 7, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.